1  Kevin S. Rosen, SBN 133304
   Michael B. Smith, SBN 235764
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
4  Facsimile: (213) 229-7520
   krosen@gibsondunn.com
5  mbsmith@gibsondunn.com
   Attorneys for Defendants, James R. Zarley, David S. Buzby,
6  Martin T. Hart, Jeffrey F. Rayport, Tom A. Vadnais, Scott P. Barlow,
   Josh Gray, Samuel J. Paisley, G. Scott Piotroski, Scott H. Ray,
7  Carl J. White, and Peter J. Wolfert

8  Daniel L. Germain (Bar No. 143334)          Phil J. Montoya, Jr., SBN 124085
   ROSMAN & GERMAIN LLP                        ERNSTER LAW OFFICES, P.C.
9  16311 Ventura Boulevard                     70 South Lake Avenue, Suite 750
   Suite 1200                                  Pasadena, California 91101
10 Encino, CA 91436-2152                       Telephone: (626) 844-8800
   Telephone: (818) 788-0877                   Facsimile: (626) 844-8944
11 Facsimile: (818) 788-0885                   Attorneys for Nominal Defendant,
                                               ValueClick, Inc.
12 Eric L. Zagar (Bar No. 250519)
   Nicole Browning (Bar No. 251937)
13 BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP
14 280 King of Prussia Road
   Radnor, PA 19087
15 Telephone: 610-667-7706
   Facsimile: (610) 667-7056
16 Attorneys for Plaintiff, Susan Lacerenza

17              UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19                  WESTERN DIVISION

20 SUSAN LACERENZA, Derivatively on     CASE NO. CV07-7141 DDP (AJWx)
   Behalf of Nominal Defendant
21 VALUECLICK, INC.,                     (Assigned to the Honorable Dean D.
                                         Pregerson, Courtroom 3)
22              Plaintiff,
                                         **STIPULATION OF SETTLEMENT**
23      v.

24 JAMES R. ZARLEY, DAVID S.
   BUZBY, MARTIN T. HART, JEFFREY
25 F. RAYPORT, TOM A. VADNAIS,
   SCOTT P. BARLOW, JOSH GRAY,
26 SAMUEL J. PAISLEY, G. SCOTT
   PIOTROSKI, SCOTT H. RAY, CARL J.
27 WHITE, PETER J. WOLFERT,

28              Defendants,

Gibson, Dunn &
Crutcher LLP

and

VALUECLICK, INC.,

                    Nominal Defendant.

This Stipulation of Settlement dated as of June 19, 2009 (the "Stipulation") is made and entered into by and among the following parties to the above entitled action (i) representative plaintiff Susan Lacerenza (on behalf of herself and derivatively on behalf of ValueClick, Inc. ("ValueClick" or the "Company")), by and through her counsel of record in the Action ("Plaintiff"); (ii) nominal defendant ValueClick; and (iii) the Individual Defendants (as defined in Section IV, paragraph 1.2, by and through their counsel of record (collectively, the "Settling Parties," as defined by Section IV, paragraph 1.16 hereof).   The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in Section IV, paragraph 1.12 hereof; upon and subject to the terms and conditions hereof.

## I.   INTRODUCTION

On October 31, 2007, Plaintiff filed the purported shareholder derivative action entitled *Susan Lacerenza v. James R. Zarley*, et al., CV 07-7141 (the "Action" as defined in Section IV, paragraph 1.1), in the United States District Court for the Central District of California (the "Court") on behalf of nominal defendant ValueClick against the Individual Defendants for breach of fiduciary duties, unjust enrichment and violation of California Corporations Code § 25402.   The complaint alleged that the Individual Defendants engaged in illegal and deceptive practices with respect to ValueClick's lead generation business, following an investigation by the Federal Trade Commission ("FTC") of possible violations of the Federal Trade Commission Act and/or the CAN-SPAM Act.

At the time the Action was filed, a securities class action captioned *Waldrep v. ValueClick*, et al., Case No. 07-05411-DDP-AJW (C.D. Cal. filed Aug. 17, 2007) (the

Gibson, Dunn &
Crutcher LLP

"Federal Securities Action") was pending in this Court and alleged that ValueClick and certain of its executive officers misrepresented certain information regarding ValueClick's financial performance.

On January 7, 2008, Defendants filed motions to dismiss Plaintiff's complaint for failure to make a pre-suit demand and for failure to state a claim.

On February 4, 2008, Plaintiff filed the Verified First Amended Derivative Complaint (the "Complaint").

On February 15, 2008, the parties stipulated to a stay of the Action pending motions to dismiss the Federal Securities Action. The order staying the Action was entered on February 20, 2008.

In or around March 2009, the Settling Parties began a dialogue concerning the possible resolution of the Action. Toward that end, on March 10, 2009, Plaintiff's Counsel sent to the Company a settlement demand letter (the "Settlement Demand Letter") which included, among other things, certain corporate governance policies necessary in order to resolve the Action. Following ValueClick's receipt of the Settlement Demand Letter, the Settling Parties engaged in good faith, arm's-length negotiations concerning a possible resolution of the Action.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

ValueClick and the Individual Defendants deny each and every claim alleged by Plaintiff in the Action. The Individual Defendants also expressly deny all allegations of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged in the Action. The Individual Defendants also deny, *inter alia*, the allegations that Plaintiff or ValueClick or its stockholders were harmed by the conduct alleged in the Action. The Individual Defendants assert that, at all relevant times, they acted in good faith, and in a manner they reasonably believed to be in the best interests of ValueClick and ValueClick's stockholders. ValueClick and the Individual Defendants are entering into this Stipulation because the Settlement would eliminate the expenses, burdens, distractions and risks associated with further litigation

Gibson, Dunn &
Crutcher LLP

- 2 -

of the Action and, thus, is in the best interests of ValueClick and current ValueClick stockholders.

## III.  CLAIMS OF THE PLAINTIFF AND BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Action have merit.  However, Plaintiff and Plaintiff's Counsel (as defined in Section IV, paragraph 1.10) recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants (as defined in Section IV, paragraph 1.3) through trial and, potentially, through appeals.  Plaintiff and Plaintiff's Counsel also have taken into account the uncertain outcome inherent in any litigation, especially in complex actions such as this Action, as well as the difficulties and delays of such litigation.  Plaintiff and Plaintiff's Counsel are also mindful of the inherent problems of proof under and possible defenses to the claims asserted in the Action.  Plaintiff and Plaintiff's Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon ValueClick.  Based on their evaluation of these facts and circumstances, Plaintiff and Plaintiff's Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiff, ValueClick, and ValueClick's stockholders.

## IV.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for herself and derivatively on behalf of ValueClick), ValueClick, and the Individual Defendants, by and through their respective counsel of record, that, subject to the approval of the Court, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.  Definitions

As used in the Stipulation the following terms have the meanings specified below:

Gibson, Dunn &
Crutcher LLP

- 3 -

1.1   "Action" means the action captioned *Lacerenza v. Zarley*, Case No. 07-07141 (C.D. Cal. filed Oct. 31, 2007).

1.2   "Individual Defendants" means James R. Zarley, David S. Buzby, Martin T. Hart, Jeffrey F. Rayport, Tom A. Vadnais, Scott P. Barlow, Josh Gray, Samuel J. Paisely, G. Scott Piotroski, Scott H. Ray, Carl J. White, and Peter J. Wolfert.

1.3   "Defendants" means ValueClick and the Individual Defendants.

1.4   "Effective Date" means the first date by which all of the events and conditions specified in Section IV, paragraph 5.1 of the Stipulation have been met and have occurred.

1.5   "Federal Securities Action" means *Carl Waldrep v. ValueClick, Inc., et al.*, United States District Court for the Central District of California, Case No. CV07-5411.

1.6   "Final" means the later of: (a) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition to review the Judgment and, if any such writ or petition is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (b) the date of final, non-appealable dismissal of any appeal from the Judgment or the final, non-appealable dismissal of any proceeding on petition for review of the Judgment; or (c) if no appeal or petition is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation. Any proceeding or order, or any appeal or petition for review pertaining solely to any claim for attorneys' fees and reimbursement of expenses in this Action shall not in any way delay or preclude the Judgment from becoming Final within the meaning of this paragraph.

1.7   "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as **Exhibit B**, or as modified pursuant to the agreement of the Settling Parties.

1.8   "Notice" means the Notice of Pendency of Settlement of Derivative Action, substantially in the form attached hereto as **Exhibit D**.

1.9    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and each of their respective partners, trustees, directors, officers, estates, executors, administrators, spouses, heirs, predecessors, successors, representatives, or assignees.

1.10    "Plaintiff's Counsel" means Barroway Topaz Kessler Meltzer & Check, LLP and Rosman & Germain, LLP, collectively.

1.11    "Related Persons" means each of a Defendant's present or former spouses, heirs, executors, trustees, estates, administrators, any entity in which a Defendant has or had a controlling interest, any members of their immediate families, or any trust (and its trustee(s)) of which any Defendant is or was the settlor or which is or was for the benefit of any Defendant and/or member(s) of his or her family, and each of the Defendants' present and former attorneys, legal representatives, insurers and their reinsurers, agents, and assigns in connection with this Action, and all past and present directors, officers, partners, agents, servants, employees, independent contractors, affiliates, auditors, accountants, investment advisers, insurers and their reinsurers, and attorneys for nominal defendant ValueClick and their counsel.

1.12    "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined in Section IV, paragraph 1.18), rights, demands, suits, matters, issues or causes of action or liabilities whatsoever, asserted or unasserted, including, without limitation, claims for violations of the California Corporations Code Sections 25402 and 25502.5, unjust enrichment, return of unearned compensation, breach of fiduciary or other duties, including the duties of loyalty, good faith, full disclosure and complete candor, contribution, forfeiture pursuant to Section 304 of the Sarbanes-Oxley Act of 2002, abuse of control, waste of corporate assets, negligence, fraud, insider trading, mismanagement, reimbursement for advancement of costs of

Gibson, Dunn &
Crutcher LLP

defense, or other alleged violations of law, whether based on federal, state, local statutory or common law or any other law, rule or regulation, in connection with, based upon, arising out of, or relating in any way to any allegations, claims, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that have been or could have been or could be asserted in the Action by Plaintiff, ValueClick, any ValueClick shareholder, or any other Person derivatively on behalf of ValueClick, or by Plaintiff directly, indirectly, representatively or in any other capacity, in any forum against any of the Released Persons, which arise out of or relate in any way to any of the wrongful transactions, disclosures, acts, or occurrences, statements, or omissions, or failures to act which were alleged in this Action or the Federal Securities Action, or any claims in connection with, based upon, or arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement).

1.13   "Released Persons" means each and all of the Defendants, the Related Persons, and the ValueClick Releasees.

1.14   "Plaintiff" means Susan Lacerenza, derivatively on behalf of ValueClick.

1.15   "Settlement" means the settlement contemplated by this Stipulation.

1.16   "Settling Parties" means, collectively, Defendants and Plaintiff.

1.17   "ValueClick Releasees" means (i) all current officers, directors and employees of ValueClick, or any of its subsidiaries or affiliates, who could have been named as defendants in this Action but were not; (ii) all former officers, directors and employees of ValueClick, or any of its subsidiaries or affiliates, who could have been named as defendants in this Action but were not; and (iii) ValueClick's past or present independent contractors, subsidiaries, parents, successors and predecessors, representatives, agents, attorneys, advisors, insurers and their reinsurers, investment advisors, auditors, and accountants.  The ValueClick Releasees include, but are not limited to, the Individual Defendants, John P. Pitstick, James A. Crouthamel, and James R. Peters.

1.18 "Unknown Claims" means any Released Claim which Plaintiff, Plaintiff's counsel or ValueClick do not know or suspect to exist in his, her or its favor at the time of the release of the Released Person, or ValueClick Releasees, and any claims relating to the filing and prosecution of the Action that any Defendant does not know or suspect to exist in his, her or its favor, which, if known by him, her or it, might have affected his, her or its decisions with respect to this Settlement. With respect to the releases in Section IV, paragraphs 3.1 and 3.2, Plaintiff, on behalf of herself and ValueClick, and Defendants, on behalf of themselves, agree that, upon entry of the Judgment (as defined in Section IV, paragraph 1.7), each shall expressly waive, and by operation of the Judgment shall be deemed to have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542, which provides:

*A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Upon the Effective Date, the Settling Parties each shall expressly waive, and by operation of the Judgment shall be deemed to have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542.

## 2. Settlement of the Derivative Claims

2.1 *Corporate Governance.* ValueClick agrees to implement, or to confirm the implementation of, within thirty (30) business days after the Effective Date, each of the corporate governance provisions attached hereto as **Exhibit A**. ValueClick agrees that each of the corporate governance provisions reflected in **Exhibit A** shall remain in effect for a period of not less than two (2) years from the Effective Date. Nothing set forth in this Settlement, or in any Court order addressing the Settlement or the Final Order and Judgment, shall be construed to preclude ValueClick from reversing, revising, modifying, or supplementing any such corporate governance reform that is

1    required by the Settlement within the two-year period beginning on the Effective Date
2    to comply with any applicable statute, regulation, development of common law, or
3    stock exchange listing requirement.

4        2.2    ValueClick acknowledges that the pendency of this Action, and the efforts
5    of Plaintiff's Counsel were a material contributing factor in the Company's decision to
6    implement the policies and procedures with respect to its corporate governance and
7    lead generation policies attached hereto as **Exhibit A**.

8        **3.    Releases**

9        3.1    Upon the entry of the Judgment, Plaintiff, on her own behalf individually
10    and derivatively on behalf of ValueClick, Plaintiff's Counsel, and ValueClick shall
11    have, and by operation of the Judgment shall be deemed to have, fully, finally, and
12    forever released, relinquished and discharged all Released Claims (including Unknown
13    Claims) and any and all claims arising out of, relating to, or in connection with the
14    Settlement or resolution of the Action against the Released Persons and the ValueClick
15    Releasees.  Nothing herein shall in any way impair or restrict the rights of any Settling
16    Party to enforce the terms of the Stipulation.

17        3.2    Upon the entry of the Judgment, each of the Released Persons and
18    ValueClick Releasees shall be deemed to have, and by operation of the Judgment shall
19    have, fully, finally, and forever released, relinquished and discharged Plaintiff and
20    Plaintiff's Counsel from all claims (including Unknown Claims), arising out of,
21    relating to, or in connection with the institution, prosecution, assertion, settlement or
22    resolution of the Action or the Released Claims.  Nothing herein shall in any way
23    impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

24        **4.    Plaintiff's Counsel's Fees and Reimbursement of Expenses**

25        4.1    Defendants acknowledge that Plaintiff's Counsel has a claim for
26    attorneys' fees and expenses in this Action based upon the substantial benefits the
27    prosecution of this Action and the Settlement have provided and will provide to
28    ValueClick.  Defendants shall, subject to Court approval, pay fees and expenses of

Gibson, Dunn &
Crutcher LLP

1   Plaintiff's Counsel ("Fee and Expense Award") in the amount of two hundred fifty

2   thousand dollars ($250,000) (the "Agreed Fee and Expense Amount"); provided,

3   however, that Defendants shall in no event be required to pay fees and expenses or the

4   Fee and Expense Award in any amount greater than the amount approved by the Court

5   nor in any amount greater than the Agreed Fee and Expense Amount.   The Parties

6   expressly agree that, in the event the Court enters an order awarding attorneys' fees

7   and reimbursement of expenses in an amount less than set forth herein, such order shall

8   not prevent the occurrence of the Effective Date or otherwise affect the enforceability

9   of the terms of this Settlement.

10        4.2     The Parties and Plaintiff's Counsel agree that any Fee and Expense

11  Award in an amount not to exceed the Agreed Fee and Expense Amount, if approved

12  by the Court, will be paid on behalf of the Defendants to Barroway Topaz Kessler

13  Meltzer & Check, LLP within ten (10) business days after the date on which the Court

14  enters a Fee and Expense Award.   Plaintiff and Plaintiff's Counsel understand and

15  agree that if, as a result of any further proceedings, appeal or collateral attack, this

16  Settlement never becomes effective, or the Judgment is reversed or modified, Plaintiff

17  and Plaintiff's Counsel (or their successors) shall refund the full amount of any Fee

18  and Expense Award (plus accrued interest) to ValueClick within thirty (30) calendar

19  days after any such order affecting Plaintiff's Counsel's entitlement to the Fee and

20  Expense Award becomes final.   Plaintiff's counsel shall be jointly and severally

21  responsible for repayment of any portion of such Fee and Expense Award.   If the

22  amount of fees and expenses awarded in any Fee and Expense Award is increased as a

23  result of such an order, such increased amount shall be paid on behalf of the

24  Defendants to Barroway Topaz Kessler Meltzer & Check, LLP within thirty (30)

25  calendar days after any such order becomes final, provided that in no event shall the

26  total amount of fees and expenses paid exceed the Agreed Fee and Expense Amount.

27  Defendants' obligations under this Section 4 shall be fulfilled upon payment, and

28

Gibson, Dunn &
Crutcher LLP

- 9 -

Defendants shall have no liability for how any Fee and Expense Award is allocated between or among Plaintiff's Counsel or otherwise.

4.3     Except as expressly provided herein, the Parties shall bear their own fees, costs and expenses, and no party shall assert any claim for expenses, costs and fees against any other party.

**5.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

5.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the ValueClick Board of Directors has approved this Stipulation as executed;

(b)     Notice has been published in accordance with the terms of this Stipulation, or as otherwise directed by the Court;

(c)     ValueClick has paid or caused to be paid Plaintiff's Counsel's fees and reimbursement of expenses in accordance with the terms of this Stipulation; and

(d)     the Court has entered the Judgment substantially in the form of the proposed judgment attached as **Exhibit B** dismissing the Action with prejudice and such Judgment has become Final.

5.2     If all of the conditions specified in paragraph 5.1 are not met, then the Stipulation shall be cancelled and terminated in accordance with the procedure in paragraph 5.3 below, unless Plaintiff's Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

5.3     In the event that all of the conditions to the Effective Date are not met, or the Stipulation is not approved, or is otherwise terminated for any reason, Defendants and/or Plaintiff shall have thirty (30) calendar days after any such event to give written notice of termination of this Stipulation to the other Settling Parties.  Within five (5) business days after written notification of such event is sent by counsel for one or more

of the Defendants or Plaintiff to the other Settling Parties, and upon verification from each and every Settling Party which has not requested termination, the following events shall occur:

      (a)   the Parties shall be restored to their respective positions in the Action as of the date before this Stipulation is executed;

      (b)   this Stipulation and any related settlement documents, and any releases granted pursuant to the Stipulation, shall be null and void and inadmissible in any proceeding before any tribunal;

      (c)   all negotiations, proceedings, and documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.

**6.    Miscellaneous Provisions**

6.1   The Settling Parties:

      (a)   acknowledge that it is their intent to consummate this agreement; and

      (b)   agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

6.2   The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation or defense. Plaintiff and Defendants further agree that the claims are being settled voluntarily after consultation

Gibson, Dunn & Crutcher LLP

1  with competent legal counsel.  The Settling Parties agree not to assert or maintain in
2  any forum that the Action was investigated, instituted, prosecuted, maintained,
3  defended or settled in bad faith.

4      6.3    Neither the Stipulation nor the Settlement, nor any act performed or
5  document executed pursuant to or in furtherance of the Stipulation or the Settlement:
6  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the
7  validity of any Released Claim, or of any wrongdoing or liability of the Released
8  Persons; (b) is or may be deemed to be or may be used in any proceeding of any kind
9  or nature as an admission of, or evidence of, any fault or omission of any of the
10  Released Persons; or (c) is or may be admitted in any proceeding before any tribunal
11  against any of the Released Persons; provided, however, that any Released Person may
12  file the Stipulation and/or the Judgment in any action that has been or may be brought
13  against him, her or it in order to support a defense or counterclaim based on principles
14  of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or
15  reduction, or any other theory of claim preclusion or issue preclusion, or other defense
16  or counterclaim.

17      6.4    The Exhibits to this Stipulation are a material and integral part hereof and
18  are fully incorporated herein by this reference.

19      6.5    The Stipulation may be amended or modified only by a written instrument
20  signed by or on behalf of all Settling Parties or their respective successors-in-interest.

21      6.6    This Stipulation and the Exhibits attached hereto constitute the entire
22  agreement among the parties hereto.  No representations, warranties or inducements
23  have been made to any party concerning the Stipulation or its Exhibits other than the
24  representations, warranties and covenants expressly contained and memorialized in
25  such documents.  This is a fully integrated agreement.  Except as otherwise provided
26  herein, Plaintiff and Defendants shall bear their respective attorneys' fees and costs.

27      6.7    Plaintiff's Counsel is expressly authorized by Plaintiff to take all
28  appropriate action required or permitted to be taken pursuant to the Stipulation to

Gibson, Dunn &
Crutcher LLP

- 12 -

STIPULATION OF SETTLEMENT

effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation which they deem appropriate.

6.8    Each counsel or other Person executing the Stipulation on behalf of any party hereto hereby warrants that such person has the full authority to do so on behalf of that Settling Party.  Moreover, each Settling Party hereby warrants that such Person has the full authority to enter into this Stipulation.

6.9    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of counterparts, either originally executed or copies thereof, shall be filed with the Court.

6.10   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.

6.11   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties shall submit to the jurisdiction of the Court solely for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

6.12   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to California's choice of law principles.

6.13   As soon as practicable after this Stipulation has been executed, the Parties shall apply to the Court for a Preliminary Approval Order substantially in the form attached hereto as **Exhibit C** with respect to the final settlement hearing, and providing for the dissemination of the Notice of Pendency and Proposed Settlement of Derivative Action (the "Notice") substantially in the form attached hereto as **Exhibit D**, and the Summary Notice substantially in the form of **Exhibit E** attached hereto.  Defendants

1   shall be solely responsible for paying the costs and expenses of providing notice of the

2   Settlement, as provided herein, up to five thousand dollars ($5,000.00).

3       IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

4   executed, by their duly authorized attorneys, dated as of June 19, 2009.

5

6   DATED:  June 19, 2009

                  GIBSON, DUNN & CRUTCHER LLP

7

8                     By: _Kevin S Rosen /MBS_

                              Kevin S. Rosen

9

10                    Attorneys for Defendants,

                  JAMES R. ZARLEY, DAVID S. BUZBY,

11                    MARTIN T. HART, JEFFREY F. RAYPORT,

                  TOM A. VADNAIS, SCOTT P. BARLOW,

12                    JOSH GRAY, SAMUEL J. PAISLEY, G.

13                    SCOTT PIOTROSKI, SCOTT H. RAY, CARL

                  J. WHITE, and PETER J. WOLFERT

14

15  DATED:  June 19, 2009

                  ERNSTER LAW OFFICES, P.C.

16

17                    By: _____

                                Phil Montoya, Jr.

18

19                    Attorneys for Nominal Defendant,

                  VALUECLICK, INC.

20

21  DATED: June 19, 2009

                  BARROWAY TOPAZ KESSLER MELTZER

22                    & CHECK, LLP

23

24                    By: _____

                                Eric Zagar

25

26                    ROSMAN & GERMAIN LLP

                  Daniel L. Germain

27

28                    Attorneys for Plaintiff,

                  SUSAN LACERENZA

Gibson, Dunn &
Crutcher LLP

1    shall be solely responsible for paying the costs and expenses of providing notice of the

2    Settlement, as provided herein, up to five thousand dollars ($5,000.00).

3         IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

4    executed, by their duly authorized attorneys, dated as of June 19, 2009.

5    DATED:  June 19, 2009

6                                          GIBSON, DUNN & CRUTCHER LLP

7

8                                          By: _____

9                                                Kevin S. Rosen

10                                         Attorneys for Defendants,
                                           JAMES R. ZARLEY, DAVID S. BUZBY,
11                                         MARTIN T. HART, JEFFREY F. RAYPORT,
                                           TOM A. VADNAIS, SCOTT P. BARLOW,
12                                         JOSH GRAY, SAMUEL J. PAISLEY, G.
                                           SCOTT PIOTROSKI, SCOTT H. RAY, CARL
13                                         J. WHITE, and PETER J. WOLFERT

14

15   DATED:  June 19, 2009

16                                         ERNSTER LAW OFFICES, P.C.

17                                         By: _Phil Montoya_____

18                                                Phil Montoya, Jr.

19                                         Attorneys for Nominal Defendant,
                                           VALUECLICK, INC.
20

21   DATED: June 19, 2009

22                                         BARROWAY TOPAZ KESSLER MELTZER
                                           & CHECK, LLP
23

24                                         By: _____
                                                 Eric Zagar
25

26                                         ROSMAN & GERMAIN LLP
                                           Daniel L. Germain
27

28                                         Attorneys for Plaintiff,
                                           SUSAN LACERENZA

1  shall be solely responsible for paying the costs and expenses of providing notice of the

2  Settlement, as provided herein, up to five thousand dollars ($5,000.00).

3      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

4  executed, by their duly authorized attorneys, dated as of June 19, 2009.

5
   DATED:  June 19, 2009
6
                              GIBSON, DUNN & CRUTCHER LLP
7

8                             By: _____
                                        Kevin S. Rosen
9

10                            Attorneys for Defendants,
                              JAMES R. ZARLEY, DAVID S. BUZBY,
11                            MARTIN T. HART, JEFFREY F. RAYPORT,
                              TOM A. VADNAIS, SCOTT P. BARLOW,
12                            JOSH GRAY, SAMUEL J. PAISLEY, G.
                              SCOTT PIOTROSKI, SCOTT H. RAY, CARL
13                            J. WHITE, and PETER J. WOLFERT
14
   DATED:  June 19, 2009
15
                              ERNSTER LAW OFFICES, P.C.
16

17                            By: _____
                                        Phil Montoya, Jr.
18

19                            Attorneys for Nominal Defendant,
                              VALUECLICK, INC.
20
   DATED: June 19, 2009
21
                              BARROWAY TOPAZ KESSLER MELTZER
22                            & CHECK, LLP

23

24                            By: _Eric Zagar/TK_____
                                        Eric Zagar
25
                              ROSMAN & GERMAIN LLP
26                            Daniel L. Germain

27
                              Attorneys for Plaintiff,
28                            SUSAN LACERENZA

Gibson, Dunn &
Crutcher LLP

                              - 14 -