Kevin S. Rosen, SBN 133304
Michael B. Smith, SBN 235764
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
krosen@gibsondunn.com
mbsmith@gibsondunn.com
Attorneys for Defendants, James R. Zarley, David S. Buzby, Martin T. Hart, Jeffrey F. Rayport, Tom A. Vadnais, Scott P. Barlow, Josh Gray, Samuel J. Paisley, G. Scott Piotroski, Scott H. Ray, Carl J. White, and Peter J. Wolfert

Daniel L. Germain (Bar No. 143334)
ROSMAN & GERMAIN LLP
16311 Ventura Boulevard
Suite 1200
Encino, CA  91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

Eric L. Zagar (Bar No. 250519)
Nicole Browning (Bar No. 251937)
BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Telephone: 610-667-7706
Facsimile: (610) 667-7056
Attorneys for Plaintiff, Susan Lacerenza

Phil J. Montoya, Jr., SBN 124085
ERNSTER LAW OFFICES, P.C.
70 South Lake Avenue, Suite 750
Pasadena, California 91101
Telephone: (626) 844-8800
Facsimile: (626) 844-8944
Attorneys for Nominal Defendant, ValueClick, Inc.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSAN LACERENZA, Derivatively on Behalf of Nominal Defendant VALUECLICK, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES R. ZARLEY, DAVID S. BUZBY, MARTIN T. HART, JEFFREY F. RAYPORT, TOM A. VADNAIS, SCOTT P. BARLOW, JOSH GRAY, SAMUEL J. PAISLEY, G. SCOTT PIOTROSKI, SCOTT H. RAY, CARL J. WHITE, PETER J. WOLFERT, <br><br> Defendants, | CASE NO. CV07-07141 DDP (AJWx) <br><br> (Assigned to the Honorable Dean D. Pregerson, Courtroom 3) <br><br> **FINAL JUDGMENT AND ORDER OF DISMISSAL OF DERIVATIVE ACTION** |

and

VALUECLICK, INC.,

      Nominal Defendant.

This matter having come before the Court for final approval of the Settlement, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of June 19, 2009 (the "Stipulation"), and due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action.

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the proposed Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiff, ValueClick, and ValueClick's shareholders, and the Settling Parties are hereby directed to implement all of its terms and provisions.

4. Upon the entry of this Final Order and Judgment, Plaintiff, on her own behalf individually and derivatively on behalf of ValueClick, Plaintiff's Counsel, and ValueClick shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Persons.

5. Plaintiff, on her own behalf individually and derivatively on behalf of ValueClick, Inc., Plaintiff's Counsel, and ValueClick are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

6. Upon the entry of this Final Order and Judgment, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

7. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all shareholders who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice satisfies the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. All current shareholders of ValueClick shall be bound by all orders, determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to ValueClick shareholders.

9. This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts or wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any presumption or inference that there is liability therefore.

10. The Court hereby approves the Fee and Expense Award to Plaintiff's Counsel in the amount of $250,000, which amount the Court finds to be fair and reasonable. The Fee and Expense Award shall be paid in accordance with the terms set forth in the Stipulation within ten (10) business days of the date hereof.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, including effectuating the release of claims in related proceedings, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

13. This Order and Final Judgment and entry by the Clerk of the Court is pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: November 23, 2009

*The Honorable Dean D. Pregerson*